**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| Michael J. Izquierdo | ) | CASE NO:  4:25CV02496 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN R. ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| United States of America | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |
| | ) | |

Michael J. Izquierdo, proceeding without a lawyer, filed this complaint challenging the constitutionality of the Supreme Court's decision in *Kay v. Ehrler*, 499 U.S. 432, 435 (1991), holding that a *pro se* litigant who is not a lawyer is not entitled to attorney's fees, and the "federal ban" on *pro se* litigants from prosecuting a False Claims Act qui tam action. (*See* Doc. Nos. 1 and 1-2). Plaintiff requests declaratory relief under the Declaratory Judgment Act, 28 U.S.C. § 2201. (*See* Doc. No. 1-2 at 2). Plaintiff also filed a motion for declaratory judgment. (Doc. No. 4).

Plaintiff filed an application to proceed in this action *in forma pauperis*. (Doc. Nos. 2 and 6). The Court grants that application.

## I. Background

Plaintiff's complaint seeks a declaration that the Supreme Court's holding in *Kay v. Ehrler* prohibiting prevailing *pro se* litigants from obtaining attorney fees and the "ban" on *pro se* litigants filing False Claims Act qui tam actions are unconstitutional. Plaintiff claims that these two "interlocking legal rules" deny millions of Americans who

cannot afford counsel access to justice. (Doc. No. 1-2 at 1). He states that he is "actively engaged" in federal litigation and administrative proceedings where "fee-shifting statutes would ordinarily allow a prevailing party to recover attorney fees," and because he proceeds *pro se*, "*Kay v. Ehrler* renders those fee entitlements worthless." (*Id.* at 3). He also states that he "possesses information about potential False Claims Act violations but is barred from filing a FCA qui tam complaint *pro se* due to the representation requirement." (*Id.*). Plaintiff claims that the combined effect of these doctrines is to create a separate legal class of unrepresented litigants who are denied full access to statutory remedies. (*Id.*). Plaintiff alleges the following constitutional violations: the right to petition the government; equal protection and due process rights; and access to the courts.

In purported anticipation of a motion to dismiss, Plaintiff claims that he asks the Court to confront the constitutional implications of the doctrines "as applied" considering "massive, documented access-to-justice gaps; the scale of unrepresented litigants in federal courts; the central role of fee-shifting statutes and whistleblower laws; and the structural effect of the doctrines when combined." (*Id.* at 8). And Plaintiff alleges he has standing to pursue the action because his injuries are concrete, particularized, and directly traceable to the challenged rules. (*Id.*).

In an apparent effort to educate the Court on the "moral and factual context" of his claims, Plaintiff attaches to the complaint an exhibit outlining various unattributed quotes purportedly pertaining to the concerns of millions of Americans "who face systemic barriers to justice due to financial limitations." (Doc. No. 1-3). Such quotes include "No American should be denied justice simply because their wallet is empty,"

2

"The poor do not fear justice; they fear being shut out from it," and "A system that hears the wealthy first is not a justice system—it is a hierarchy." (*Id.*).

## II. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). The Court, however, is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations but must provide more than "an unadorned, the Defendant unlawfully harmed me accusation." *Iqbal*, 556

3

U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.*

In reviewing a complaint, the Court must construe the pleading in the light most favorable to the plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir.1998).

### III. Discussion

As an initial matter, even liberally construed, the complaint fails to demonstrate Plaintiff has standing to pursue his claims.

Federal court jurisdiction is limited to actual "cases" and "controversies[.]" *See* U.S. Const. art. III, § 2. Standing "is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560, 112 S. Ct. 2130, 119 L. Ed. 2d 351 (1992). And the 'actual controversy' requirement under the Declaratory Judgment Act is coextensive with Article III's case or controversy requirement." *Hayden v. 2K Games, Inc.*, 375 F. Supp.3d 823, 829 (N.D. Ohio 2019). Federal courts must therefore ensure that litigants, including those individuals seeking declaratory judgment, have standing before assessing their claims. *See Nat'l Rifle Ass'n of Am. v. Magaw*, 132 F.3d 272, 279-80 (6th Cir. 1997); *see also Kitchen v. Whitmer*, 106 F.4th 525, 533 (6th Cir. 2024) (standing is a threshold jurisdictional issue that must be addressed before reaching the merits of a case). The party invoking federal jurisdiction bears the burden of establishing standing. *Lujan,* 504 U.S. at 561.

Article III standing requires (1) an "injury in fact" that is concrete, particularized, actual or imminent, not conjectural or hypothetical (2) that can be "fairly traced to the challenged action of the defendant" and (3) has a likelihood, as opposed to mere

4

speculation, that it will be redressed by a favorable decision by the Court. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.*, 528 U.S. 167, 180-81, 120 S. Ct. 693, 145 L. Ed. 2d 610 (2000) (citing *Lujan*, 504 U.S. at 560). When seeking declaratory or injunctive relief, a plaintiff must show actual present harm or a significant possibility of future harm...." *Magaw*, 132 F.3d at 279.

Here, Plaintiff failed to demonstrate actual harm or a significant possibility of future harm. Plaintiff states that he is actively engaged in federal litigation and administrative proceedings that would ordinarily allow a prevailing party to recover attorney fees. Plaintiff does not identify an actual case in which he has been a successful litigant otherwise entitled to recovery. Nor has he identified a particular case in which he will likely be harmed in the future. Plaintiff's claim that his participation in unnamed federal litigation where the possibility exists to recover attorney fees is mere speculation and is insufficient to establish standing.

Additionally, Plaintiff claims that he possesses information about potential False Claims Act violations but he is forbidden from bringing these actions because he is not represented by counsel. Plaintiff's purported knowledge of a violation of a statute and the desire to file a lawsuit is mere conjecture and is not sufficiently concrete to confer federal jurisdiction. *See Louisville City Sch. Dist. Bd. of Educ. v. Ohio Ass'n of Pub. Sch. Emps.*, No. 5:19-cv-1509, 2020 U.S. Dist. LEXIS 69739, 2020 WL 1930131, at *5-6 (N.D. Ohio Apr. 21, 2020) (dismissing for lack of standing when school board's alleged injury was a potential future lawsuit because "such a suit is purely conjectural and is not sufficiently concrete to confer federal jurisdiction."). Plaintiff's alleged future harm is insufficient to establish standing.

Accordingly, Plaintiff has not presented an actual case or controversy and lacks standing to bring this action.

### IV. Conclusion

The Court GRANTS Plaintiff's application to proceed *in forma pauperis*. (Doc. Nos. 2, 6). And for the foregoing reasons, the Court DENIES Plaintiff's motion for declaratory judgment (Doc. No. 4) and DISMISSES this action without prejudice pursuant to 28 U.S.C. §1915(e). Further, the Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED**.

<u>March 6, 2025</u>

/s/ John R. Adams
_____
JUDGE JOHN R. ADAMS
UNITED STATES DISTRICT COURT

6